**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO LUNA-CORREA, | No. 19-70892 |
| Petitioner, | Agency No. A095-776-708 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before:     CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Armando Luna-Correa, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Luna-Correa failed to establish that he was or would be persecuted on account of a protected ground, including a particular social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Luna-Correa's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Luna-Correa failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in Mexico is insufficient to meet

19-70892

standard for CAT relief).

Luna-Correa's opposed motion for a stay of removal is denied as moot.

**PETITION FOR REVIEW DENIED.**